UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

**ROBERT H. DAY**,

    Plaintiff,

v.                                                                                         Civ. No. 13-1198 JCH/CG

**NEW JERSEY STATE PATROL;**
**STATE OF NEW JERSEY;**
**NEW JERSEY LOTTERY COMMISSION,**

    Defendants.

## ORDER DISMISSING COMPLAINT and
## ORDERING PLAINTIFF TO SHOW CAUSE WHY FILING RESTRICTIONS SHOULD NOT BE IMPOSED

**THIS MATTER** comes before the Court on pro se Plaintiff Robert H. Day's application to proceed in district court *in forma pauperis* (hereinafter called "motion to proceed IFP"), filed December 16, 2013, *see* Doc. 2, and on the Court's concomitant obligation "to review the affidavit and screen [his] case under 28 U.S.C. §§ 1915(a) and (e)." *Lister v. Dep't of Treasury*, 408 F.3d 1309, 1311 (10th Cir. 2005).

    Screening the case under § 1915(e) includes determining whether "the allegation of poverty is untrue" as well as determining whether the action "is frivolous or malicious, . . . fails to state a claim on which relief may be granted; or [] seeks monetary relief against a defendant who is immune from such relief." § 1915(e). "[I]n order to succeed on a motion to proceed IFP, the movant must show a financial inability to pay the required filing fees, as well as the existence of a reasoned, nonfrivolous argument on the law and facts in support of the issues raised in the action." *Lister*, 408 F.3d at 1312.

1

A party wishing to proceed IFP must demonstrate that he "cannot because of his poverty pay or give security for the costs . . . and still be able to provide himself . . . with the necessities of life." *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948).

A complaint must be dismissed as frivolous under § 1915(e)(2) if it is premised on a nonexistent legal interest or delusional factual scenario. *See Neitzke v. Williams*, 490 U.S. 319, 329-30 (1989); *Trujillo v. Williams*, 465 F.3d 1210, 1217 n.5 (10th Cir. 2006) (noting that dismissals under § 1915(e)(2)(A) & (B) are mandatory). Section 1915(e)(2) "rationally advances the legitimate goal of removing meritless cases from the federal dockets by allowing the courts to review *sua sponte* claims that are particularly likely to lack merit, since indigent litigants have less financial incentive than do paying litigants to screen their potential claims." *Curley v. Perry*, 246 F.3d 1278, 1285 (10th Cir. 2001).

> To this end, the statute accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless. . . . Examples of the latter class are claims describing fantastic or delusional scenarios, claims with which federal district judges are all too familiar.

*Neitzke*, 490 U.S. at 327-28. "[A] finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them." *Denton v. Hernandez*, 504 U.S. 25, 33 (1992).

**I.  Permission to proceed IFP will be denied and the Complaint must be dismissed.**

   **A.  Day has failed to demonstrate an inability to pay fees.**

Day is a 33-year-old married Massachusetts resident with one child. *See* Doc. 2 at 1. He receives social-security disability income of $1024/month. *See id.* at 2. He states that he owns

stocks and bonds but that he does not know their value. *Id.* In another recent case, Day states that he also owns an "AAG Annuity" at the "gold level" that matured on September 9, 2013, *Day v. Thompson*, No. 1:13-cv-08576-UA, Doc. 1 at 2 (S.D.N.Y. Nov. 22, 2013), but Day does not list that annuity as an asset. Day keeps himself entertained by frequently filing frivolous lawsuits. *See Day v. New Jersey State Police*, No. 1:13-cv-08086-LAP, Doc. 4 at 2-3 (S.D.N.Y. Dec. 12, 2013) (dismissing with prejudice Day's suit against the New Jersey State Police because it was "irrational," and citing nine other frivolous cases Day filed in 2013 that the court has dismissed); *Day v. Cuomo*, No. 1:13-cv-08087-LAP, Doc. 4 (S.D.N.Y. Dec. 9, 2013) (dismissing as frivolous complaint alleging that the "'Honorable Judge Mario Cuomo Jr.' ordered some of his safety deposit boxes welded shut so as to deny Plaintiff access. He also alleges that employees of Chase Bank stole money from these safety deposit boxes, and that the 'Boston FBI, [t]he United States Navy Legal Department, [and] Rudy Giuliani know this story to be true.'").

According to his financial affidavit filed on November 8, 2013, in his case against the New Jersey state police, Day also receives $2000/year from another source, *see id.* Doc. 1 at 1, but, again, he did not reveal that income in the case at bar. Day also recently declared bankruptcy, and the sworn documents filed in that court show that Day's wife, with whom he lives, has an income of $3622/month. *See In re Robert Henry Day*, No. 12-194280 Doc. 7 at 2 (Bkrcy. D. Ma. Dec. 3, 2012). Contrary to his statement in the case at bar that he pays $176 in child support/month, Day swore in his bankruptcy proceedings that he has no "domestic support obligations." *Id.* Doc. 6 at 2. In another recent case, Day states that he co-owns an Indian restaurant and a hotel. *See Day v. Lightfoot*, No. 1:13cv0788 LAP, Doc. 7 at 3 (S.D.N.Y. Dec.

12, 2013). It seems clear that Day has committed perjury either in this case or in his other cases. The Court concludes that his allegation of poverty is untrue, and he has failed to demonstrate that he is so impoverished that he cannot pay for the necessities of life and for filing fees. Permission to proceed ifp must be denied, therefore, and the case must be dismissed. *See Trujillo*, 465 F.3d at 1217 n.5.

**B. Day's Complaint is substantively frivolous.**

Day is once again attempting to sue the New Jersey State Police, the New Jersey Lottery Commission, and the State of New Jersey because, after he allegedly won the New Jersey lottery in 2000, the State allegedly induced him to buy state bonds and then "tried to abscond with the winning by way of denial of the purchase and then denial of holdings." Compl. at 2. The Defendants then "panicked and tried to kill Robert Day . . . [and] [m]any people were tried for this in Federal Court in New York and some were executed." *Id.* These allegations are delusional.

In the complaint he recently filed in the Southern District of New York against these Defendants, he similarly alleged that

> "[t]he Jersey State police leader ship in collusion with New Jersey politicians tried to steal my investment of New Jersey lottery winnings by denying its existence and using extortion to disallow access to it." (Compl. at 3.) He also alleges that the "colonel of the state police at that time (2001-2002) engaged in collusionary activities with crooked politicians to hatch a scheme to steal money that I won in the lottery and then invested in bonds with New Jersey."

*Day*, No. 1:13-cv-08086-LAP Doc. 4 at 2.

Like the Southern District of New York, the Court finds that Day's allegations are irrational, fanciful, and delusional. The Court will dismiss the Complaint with prejudice because it would be futile to allow him to amend his Complaint.

**II.     Day shall show cause why filing restrictions should not be imposed.**

"The right of access to the courts is neither absolute nor unconditional and there is no constitutional right of access to the courts to prosecute an action that is frivolous or malicious." *In re Winslow*, 17 F.3d 314, 318 (10th Cir. 1994) (internal quotation marks and brackets omitted). "The goal of fairly dispensing justice . . . is compromised when the Court is forced to devote its limited resources to the processing of repetitious and frivolous claims." *Id.* (internal quotation marks omitted). "There is strong precedent establishing the inherent power of federal courts to regulate the activities of abusive litigants by imposing carefully tailored restrictions under the appropriate circumstances." *Tripati v. Beaman*, 878 F.2d 351, 352 (10th Cir. 1989). Thus, the Court may impose restrictions on a party's ability to file claims where it gives that party notice and an opportunity to respond, and provides clear guidance about what a plaintiff must do to obtain permission to file an action. *See id*. at 353-54. When a party has engaged in an abusive pattern of litigation, it is appropriate for the court to enjoin that litigant from filing any claims without first seeking prior leave of the court. *See In re Winslow*, 17 F.3d at 316; *Werner v. Utah*, 32 F.3d 1446, 1448 (10th Cir. 1994).

As noted above, the Court takes judicial notice, *see United States v. Ahidley*, 486 F.3d 1184, 1192 n. 5 (10th Cir. 2007) (stating, "we may exercise our discretion to take judicial notice of publicly-filed records in our court and certain other courts concerning matters that bear directly upon the disposition of the case at hand"), that Day has engaged in an abusive pattern of filing frivolous lawsuits in the federal courts, appearing pro se and proceeding IFP. A quick review of the national Pacer database shows that Day has filed dozens of pro-se complaints in various districts, without paying any filing fees. Except for his bankruptcy proceeding and

5

couple of complaints that have not yet been addressed by the courts, *see, e.g. Day v. Dustin Hoffman*, No. 1:13-cv-08575-UA (S.D.N.Y. Nov. 26, 2013), all of the complaints have been dismissed as frivolous.

The Southern District of New York has ordered Day to show cause why filing restrictions should not be imposed that will prohibit Day from filing further pro se cases in that District. *See Day v. Lightfoot*, No. 1:13-cv-07426-LAP Doc. 4 (S.D.N.Y. Nov. 11, 2013).

The burden Day has placed on the federal courts because of his frivolous filings is extremely heavy. Although this is only his first frivolous filing in New Mexico, because he has continued to file frivolous suits after repeated instruction and warnings in other Districts, Day shall show cause in writing, within 14 days of the filing of this Order, why he should not be sanctioned by the imposition of filing restrictions to stop his abusive behavior of filing frivolous suits in this District.

**IT IS ORDERED** that Day's motion to proceed IFP (Doc. 2) is DENIED and the case is DISMISSED with prejudice under § 1915(e)(2).

**IT IS FURTHER ORDERED** that Day shall show cause in writing, within 14 days of the filing of this Order, why filing restrictions should not be imposed against him. If Day fails to timely respond, the Court will issue filing restrictions without further notice.

**SO ORDERED** this 7th day of January, 2014.

_____
UNITED STATES DISTRICT JUDGE